> *Order of redetermination will be entered on 15 days' notice, under Rule 50.*

---

FRED L. MANDEL, Petitioner, *v.* COMMISSIONER OF INTERNAL REVENUE, Respondent.

Docket No. 8633.          Decided September 24, 1926.

*F. D. Seifkin, Esq.,* for the petitioner.
*J. W. Fisher, Esq.,* for the respondent.

Littleton: Petitioner claimed a loss in his income-tax return for 1919 upon the sale of a certain building which he acquired by gift from his father in 1902. The Commissioner denied the deduction upon the ground that the property was not originally acquired with a view of profit and the loss claimed could not be considered as a loss sustained in a transaction entered into for profit, and determined a deficiency of $2,432.67.

### FINDINGS OF FACT.

Petitioner is a resident of Chicago, Ill. In 1902 his father purchased certain real estate at 3308 South Michigan Avenue in Chicago, for $25,000, and in that year made a gift thereof to the petitioner as a wedding present. The property was used by petitioner as his residence from the date received until 1911, when, because of changes in the character of the neighborhood due to the acquisition of nearby property by colored people, petitioner discontinued using the property as a residence and rented it until 1919.

The changes in the population and character of the neighborhood were progressive, with the result that deterioration of property in that vicinity was rapid. In 1919 petitioner's property had declined in value to such an extent that when in August of that year he was offered $7,750 cash for it, he accepted the offer. The petitioner's father was living at the time he discontinued using the property as a residence in 1911, and made no objection thereto.

The fair market value of the property on March 1, 1913, was $17,000 and the reasonable allowance for exhaustion, wear and tear thereof between that date and the date of sale was $2,000. During

the period from March 1, 1913, to the date of sale, petitioner derived income from the rental of the property.

*Judgment for the Commissioner.*